## UNITED STATES v. WEBB.
### Cr. No. 5635.

United States District Court,
E. D. Tennessee, Northeastern Division.
Oct. 14, 1952.

Otto Ault, U. S. Dist. Atty., James M. Meek, Asst. U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

J. H. Doughty, Hodges & Doughty, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant was indicted for possessing and concealing tax-unpaid distilled spirits. Motion has been made for suppression of evidence and its return to defendant, evidence here being certain distilling equipment, 1,000 pounds of sugar and 164 gallons of whiskey in unstamped containers. Search was made by federal officers without a search warrant and on a statement by an informer that defendant had illegal whiskey stored in the place searched. This was a three-room dwelling house which defendant had rented from its owner and in which he slept, his meals being taken elsewhere. Defendant was unmarried, though an adult. His house furnishings consisted of a mattress with bed covers on the floor, a chair, and possibly a table.

No attempt was made by the officers to procure a search warrant, their reason being that they could not, upon hearsay evidence, make the necessary affidavit. Yet upon this hearsay evidence, if such it was, they commenced a search. They approached the house, from which its tenant was then absent, and looked in at all of the unshaded windows. The front door they found closed and locked with a padlock. At the back they stepped upon a porch. The door they found there was closed and fastened in that position with nails. While ex-

amining this door, they smelled whiskey. Thereupon they forced the door open and entered and completed their search, the fruits of which have heretofore been listed.

 The Court is of the opinion that this was an illegal search. Defendant neither slept nor ate in the home of his parents, according to all of the evidence. This house, poorly equipped though it was, served as his dwelling; he had no other. This, again, is according to all of the evidence. The officers began their search on information admittedly inadequate to support an affidavit for issuance of a search warrant. Nevertheless they undertook the search, and not until they were in the midst of it did they detect an odor of whiskey. It is well settled that a search, illegal in its inception, is not made legal by what it discloses.

It would seem that the Court's conclusion is compelled by an imposing array of recent Supreme Court decisions on the subject of searches without search warrants. See, especially, United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93; Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819; McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436. Under the holding in United States v. Jeffers, supra, the motion to suppress the evidence should be sustained and the motion to return the seized contraband should be overruled.

Let an order be prepared accordingly.